IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02172-REB-MEH

RICHARD CARBONNEAU,

    Plaintiff,

vs.

MASCO CONTRACTOR SERVICES CENTRAL, INC.
D/B/A ACADEMY INSULATION,

    Defendant.

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

### INTRODUCTION

By Order of this Court, entered on January 25, 2006, counsel of record for the Plaintiff were allowed to withdraw, and the case was stayed until February 26, 2006, to allow the Plaintiff to obtain alternate counsel (Docket #7). Additionally, the Plaintiff was granted until February 26, 2006, in which to complete service of the Complaint and Summons in this action. To date, new counsel has not appeared on Plaintiff's behalf, and no proof of service has been filed in compliance with Fed. R. Civ. P. 4(l).

Further, on March 1, 2006, I issued an Order to Show Cause directing that Plaintiff show cause in writing, on or before March 21, 2006, why recommendation should not be made to District Judge Robert E. Blackburn that this case be dismissed or other sanctions imposed for Plaintiff's failure to make service upon the Defendant as required by Fed. R. Civ. P. 4(m). The

Plaintiff has not responded to the Order to Show Cause, and has also not requested an extension of time in which to do so.

## DISCUSSION

The provisions of Fed. R. Civ. P. 4(m) direct that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

More than 120 days have passed since the filing of Plaintiff's Complaint. Plaintiff has failed to file proof of service in this regard, and no request for extension of time in which to effect service has been requested by the Plaintiff.

Further, although Plaintiff is now proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. Plaintiff has failed to comply with the Order entered by this Court on January 25, 2006, directing Plaintiff to effect service, and he also failed to respond to the Order to Show Cause. The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference. *See id*. Rule 37(b)(2) permits the court to dismiss the action where a party fails to obey an order to provide or permit discovery. *See id*. Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.* Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil

procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). A court also has an "inherent power" to "levy sanctions in response to abusive litigation practices." *Jones*, 996 F.2d at 264 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Turnbull v. Wilcken*, 893 F.2d 256, 258-59 (10th Cir. 1990)).

Plaintiff has failed to prosecute this case with due diligence, or to show cause as to why he cannot, as directed by the Order to Show Cause. In short, it appears that Plaintiff has lost interest in this case, lost touch with the Court, or both. Therefore, dismissal of this action against Defendant is warranted, and this Court so recommends.

The parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## **CONCLUSION**

Based on the foregoing, and the entire record herein, I **recommend** that all of Plaintiff's claims in this action made against the Defendant be dismissed without prejudice.

Dated at Denver, Colorado, this 23rd day of March, 2006.

                    BY THE COURT:

                    s/Michael E. Hegarty
                    Michael E. Hegarty
                    United States Magistrate Judge